Nshan AYANIAN, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 03–73270.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 17, 2006.

Howard R. Davis, Esq., Davis, Miller & Neumeister, Van Nuys, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michael J. Lang, Esq., Office of the U.S. Attorney, Seattle, WA, for Respondent.

Before: HUG, O'SCANNLAIN and SILVERMAN, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Nshan Ayanian, a native and citizen of Armenia, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") order denying his application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. Because the BIA did not disagree with any part of the IJ's decision but instead cited *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), we review the IJ's reasons as the BIA's. *See Tchoukhrova v. Gonzales*, 404 F.3d 1181, 1188 (9th Cir.2005). We review for substantial evidence, *see Gormley v. Ashcroft*, 364 F.3d 1172, 1176 (9th Cir.2004), and we dismiss in part and deny in part the petition for review.

■ We lack jurisdiction to review the IJ's determination that Ayanian failed to show he filed for asylum within one year of entering the United States or that extraordinary circumstances excused the late filing. *See Ramadan v. INS*, 427 F.3d 1218, 1222 (9th Cir.2005); 8 U.S.C. §§ 1158(a)(2)(B), (a)(3).

■ Substantial evidence supports the IJ's denial of withholding of removal because Ayanian failed to demonstrate that it is more likely than not that he would be subject to persecution on account of a protected ground if removed to Armenia. *See Al-Harbi v. INS*, 242 F.3d 882, 888 (9th Cir.2001). Ayanian failed to establish that he was singled out for compulsory military service on account of his race, religion, membership in a social group, political opinion or nationality. *See Padash v. INS*, 358 F.3d 1161, 1167 (9th Cir.2004). Further, Ayanian failed to demonstrate that the government has imputed a political opinion to him or that the government would act because of a political opinion attributed to him. *See Sangha v. INS*, 103 F.3d 1482, 1489 (9th Cir.1997).

■ Substantial evidence also supports the IJ's denial of Ayanian's CAT claim because he failed to show it was more likely than not that he would be tortured if he were removed to Armenia. *See Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir.2001).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

