

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NSHAN AYANIAN, | No. 11-70332 |
| Petitioner, | Agency No. A077-310-327 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 9, 2015**
Pasadena, California

Before: PREGERSON and NGUYEN, Circuit Judges and CARR,*** Senior District
Judge.

Petitioner Nshan Ayanian petitions for review of the Board of Immigration

Appeals' ("BIA") denial of his motion to reopen.  We deny the petition.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\**       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\***       The Honorable James G. Carr, Senior District Judge for the U.S.
District Court for the Northern District of Ohio, sitting by designation.

1. The BIA did not abuse its discretion in denying Ayanian's untimely motion to reopen his removal proceedings. In order to merit reopening under the changed circumstances exception to the filing deadline for motions to reopen, Ayanian bore the burden of showing that his evidence of changed country conditions "is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(i)-(ii); 8 C.F.R. § 1003.2(c)(3)(ii). The BIA acted within its discretion when concluding that the evidence Ayanian presented to support his motion is immaterial to his claims for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).[1] While Ayanian's evidence suggests mistreatment of both draft evaders and military conscripts, *see also Muradin v. Gonzalez*, 494 F.3d 1208 (9th Cir. 2007), it was not "irrational, arbitrary, or contrary to law" for the BIA to conclude that he did not show that the Armenian government would consider him to be either a draft evader or a conscript. *See Go v. Holder*, 744 F.3d 604, 609 (9th Cir. 2014). Moreover, Ayanian failed to show that the Armenian

---

[1] We also GRANT the government's motion to strike the portions of Ayanian's brief that rely on the 2010 U.S. State Department Report, which is not part of the Certified Administrative Record. *See* 8 U.S.C. § 1252(b)(4)(A) ("[T]he court of appeals shall decide the petition only on the administrative record . . . .").

2

government would acquiesce to any alleged future torture at the hands of money lenders.

2. We lack jurisdiction to consider Ayanian's remaining arguments because he did not raise them before the BIA. 8 U.S.C. § 1252(d); *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 819 (9th Cir. 2003) ("Before a petitioner can raise an argument on appeal, the petitioner must first raise the issue before the BIA or IJ."). We also cannot address Ayanian's concerns with the adjudication of his original applications for asylum, withholding of removal, and CAT relief because that case is already final, *see Ayanian v. Gonzales*, 165 F. App'x 520 (9th Cir. 2006), and only the denial of his motion to reopen is properly before us.

**PETITION DENIED IN PART, DISMISSED IN PART.**

*Ayanian v. Lynch*, No. 11-70332

PREGERSON, Circuit Judge, dissenting:

I would grant the petition.

FILED

SEP 16 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

1