MEMORANDUM ***
Petitioner Nshan Ayanian petitions for review of the Board of Immigration Appeals’ (“BIA”) denial of his motion to reopen. We deny the petition.
1. The BIA did not abuse its discretion in denying Ayanian’s untimely motion to reopen his removal proceedings. In order to merit reopening under the changed circumstances exception to the filing deadline for motions to reopen, Ayanian bore the burden of showing that his evidence of changed country conditions “is material and was not available and would not have been discovered or presented at the previous proceeding.” 8 U.S.C. § 1229a(c)(7)(C)(i)-(ii); 8 C.F.R. § 1003.2(c)(3)(ii). The BIA acted within its discretion when concluding that the evidence Ayanian presented to support his motion is immaterial to his claims for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).[1] While Ayanian’s evidence sug *322 gests mistreatment of both draft evaders and military conscripts, see also Muradin v. Gonzales, 494 F.3d 1208 (9th Cir.2007), it was not “irrational, arbitrary, or contrary to law” for the BIA to conclude that he did not show that the Armenian government would consider him to be either a draft evader or a conscript. See Go v. Holder, 744 F.3d 604, 609 (9th Cir.2014). Moreover, Ayanian failed to show that the Armenian government would acquiesce to any alleged future torture at the hands of money lenders.
2. We lack jurisdiction to consider Aya-nian’s remaining arguments because he did not raise them before the BIA. 8 U.S.C. § 1252(d); Rojas-Garcia v. Ashcroft, 339 F.3d 814, 819 (9th Cir.2003) (“Before a petitioner can raise an argument on appeal, the petitioner must first raise the issue before the BIA or IJ.”). We also cannot address Ayanian’s concerns with the adjudication of his original applications for asylum, withholding of removal, and CAT relief because that case is already final, see Ayanian v. Gonzales, 165 Fed.Appx. 520 (9th Cir.2006), and only the denial of his motion to reopen is properly before us.
PETITION DENIED IN PART, DISMISSED IN PART.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. We also GRANT the government’s motion to strike the portions of Ayanian’s brief that rely on the 2010 U.S. State Department Report, which is not part of the Certified Administra *322 tive Record. See 8 U.S.C. § 1252(b)(4)(A) 0'[T]he court of appeals shall decide the petition only on the administrative record....”).